**SO ORDERED.**

**SIGNED this 20 day of November, 2014.**

_____
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| BRITT MOTORSPORTS, LLC, | 11-07688-8-SWH |
| DEBTOR. | |
| JAMES B. ANGELL, CHAPTER 7 TRUSTEE FOR BRITT MOTORSPORTS, LLC, | |
| Plaintiff, | ADVERSARY PROCEEDING NO. |
| v. | 14-00044-8-SWH-AP |
| KAMAL ALI MANSOUR and DONNA MANSOUR NORRIS, | |
| Defendants. | |

**ORDER REGARDING REQUEST FOR JURY TRIAL**

The matter before the court in this adversary proceeding is the issue of whether the defendants have a right to a jury trial under the Seventh Amendment of the U.S. Constitution. The defendants both requested a jury trial in their separate answers to the trustee's complaint. A preliminary pre-trial conference was held in Raleigh on September 11, 2014, in which the court

requested briefs on the issue of the defendants' entitlement to a jury trial. After consideration of the matter, the court concludes that the defendants do not have a Seventh Amendment right to a jury trial.

Background

On October 7, 2011, the debtor, Britt Motorsports, LLC ("debtor"), filed a voluntary petition for relief under chapter 11. The debtor's case was subsequently converted to one under chapter 7. On February 13, 2014, James B. Angell, chapter 7 trustee for the debtor ("trustee"), instituted this adversary proceeding against the defendants, Kamal Ali Mansour and Donna Mansour Norris ("defendants"), seeking to avoid and recover alleged post-petition transfers under 11 U.S.C. §§ 549, 550 and 551.

The defendants filed separate answers in which they both requested a jury trial pursuant to the North Carolina Constitution, the U.S. Constitution, and other state and federal law. The defendants did not assert any counterclaims, but did, however, in their respective Fourth, Eighteenth, Twenty-Third and Twenty-Fourth Defenses, assert a right of "setoff" or "credit" against the value of the challenged transfers. Specifically, both defendants' Fourth Defenses state that "Plaintiff is not entitled to recovery to the extent the subject transfer was not avoidable under the doctrine of setoff under 11 U.S.C. Section 553 and/or the doctrine of recoupment." The defendants' Eighteenth Defenses assert that the trustee/debtor failed to mitigate damages, and plead such failure as a defense "and setoff to any damages" determined to be owed. The defendants' Twenty-Third Defenses do not specifically assert grounds for setoff, but appear to establish such a basis. The Twenty-Third Defenses assert that a main source of the debtor's post-petition income has been its sale of motorcycles purchased by defendant Mansour and consigned to the debtor. Last, the defendants'

Twenty-Fourth Defenses request a "credit" against any sums determined to be owed for the portion of a loan defendant Mansour made to the debtor that was not repaid. The defendants have not filed proofs of claim in the bankruptcy case.

In response to the court's request at the preliminary pre-trial conference, each party filed a brief on the issue of whether the defendants are entitled to a jury trial. The defendants assert their Seventh Amendment constitutional rights, whereas the trustee asserts that the defendants do not have a Seventh Amendment right to a jury trial under the three-part test set out in Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 36 (1989), and in the alternative, that they lack such a right because they claim affirmative defenses that subject them to the equitable jurisdiction of the court.

## Discussion

*A. No Right to Jury Trial Exists Under § 549*

In Granfinanciera, 492 U.S. at 36, the U.S. Supreme Court held that, under the Seventh Amendment, a person who has not submitted a claim against the bankruptcy estate has a right to a jury trial when sued by the bankruptcy trustee to recover allegedly fraudulent monetary transfers. In determining whether the Seventh Amendment affords the right to a jury trial in a particular matter, the court must apply a three-part test. Id. at 42. First, the court must determine whether the action is one that would have been at law or in equity in the 18th century courts of England. Id. Next, the court will determine whether the remedy sought is legal or equitable. Id. If the cause of action is equitable, no right to a jury trial exists. Id. at 41. However, if the action is comparable to actions at law in 18th century England, the court must determine whether Congress may and has assigned resolution of the matter to a non-Article III adjudicative body that does not use a jury as factfinder.

Id. at 42. Whether Congress may deny jury trials in actions at law depends on whether public or private rights are at issue. Id. at 51.

No right to a jury trial exists for actions to recover post-petition transfers under § 549. "[B]oth the character of the § 549 action as it might have existed in England in the late 18th-century and the nature of the remedy sought are equitable." In re N.C. Hosp. Ass'n Trust Fund, Emp'r ID #: 56-1154690, 112 B.R. 759, 762 (Bankr. E.D.N.C. 1990); see also In re M & L Bus. Mach. Co., Inc., 59 F.3d 1078, 1082 (10th Cir. 1995) (citing N.C. Hosp. Ass'n, 112 B.R. 759). In 18th century England, bankruptcy was a creditor's remedy to preserve the bankruptcy res for equitable distribution among creditors. N.C. Hosp. Ass'n, 112 B.R. at 762; In re Felice, 480 B.R. 401, 430 (Bankr. D. Mass. 2012). Likewise, enforcement of the protections provided by filing for bankruptcy, such as the automatic stay and the prohibition against post-petition transfers, is equitable in nature. N.C. Hosp. Ass'n, 112 B.R. at 762. Even if § 549 actions were at law, the right to a jury trial is absent because Congress assigned these actions to the bankruptcy courts, non-Article III adjudicative bodies that primarily function without a jury. Id.

Congress's assignment of § 549 actions to the bankruptcy courts is proper because such actions involve public, rather than private, rights. N.C. Hosp. Ass'n, 112 B.R. at 763. The Court in Granfinanciera, 492 U.S. at 56, noted that the restructuring of debtor-creditor relations in bankruptcy "'may well be a 'public right.'''" (quoting N. Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 71 (1982)). Public rights are at issue in § 549 actions because "actions to recover postpetition transfers from the bankruptcy estate arise out of actions occurring after the creation of the estate which are in violation of the equitable protections of bankruptcy law . . . The protection of the estate is an essential component of the bankruptcy process." N.C. Hosp. Ass'n, 112 B.R. at

762-63; see also M & L Bus. Mach., 59 F.3d at 1082; Felice, 480 B.R. at 430 (citing N.C. Hosp. Ass'n, 112 B.R. at 762-63); In re S. Textile Knitters, Inc., 236 B.R. 207, 212 (Bankr. D.S.C. 1999) (parties agreed that there was no right to a jury trial for the plaintiff's cause of action to avoid post-petition transfers under § 549).  Therefore, there is no Seventh Amendment right to a jury trial in § 549 actions.

*B. No Right to Jury Trial Exists Because the Defendants Invoked the Court's Equitable Jurisdiction*

Even in the event that the cause of action was at law, no right to a jury trial exists because the defendants have subjected themselves to the equitable jurisdiction of the court.  The Seventh Amendment right to a jury trial is preempted upon certain actions by the defendant, such as filing a proof of claim or asserting a defense of setoff.  N.C. Hosp. Ass'n, 112 B.R. at 760.  Specifically, by taking such action, a defendant subjects itself to the equitable jurisdiction of the bankruptcy court. Crampton v. Houseman (In re Houseman), AP No. 13-00166-8-SWH, 2014 WL 1214497, at *2 (Bankr. E.D.N.C. March 24, 2014).

Asserting an affirmative defense of setoff has been found by numerous courts to invoke the court's equitable jurisdiction and thus eliminate any right to a jury trial.  See id. (setoff defense); In re Big Springs Realty LLC, 430 B.R. 629, 634 (Bankr. D. Mont. 2010) (setoff defense); In re Commercial Fin. Servs., Inc., 251 B.R. 397 (Bankr. N.D. Okla. 2000) (setoff defense); In re Hudson, 170 B.R. 868 (Bankr. E.D.N.C. 1994) (filing counterclaim).  The court expanded upon the court's equitable jurisdiction in Hudson, 170 B.R. 868, a case where the defendant waived its right to a jury trial by filing a counterclaim.  Regarding the definition of "claim," the court said, "'Congress gave the 'broadest possible definition' to the term 'claim' in order to ensure that 'all legal obligations of

5

the debtor, . . . [would] be dealt with in the bankruptcy case.'"" Id. at 874 (quoting Sigmond v. Royal Cake Co. (In re Cybermech, Inc.), 13 F.3d 818, 821 (4th Cir. 1994)). The court noted that the defendant did not waive its right to a jury trial merely by filing a counterclaim, but by "filing a counterclaim and thereby seeking a piece of the disputed res, the debtors' estate, which was subject to the bankruptcy court's equitable power to allow and disallow claims." Id. at 875.

In Commercial Fin., the defendant listed substantial setoffs as an affirmative defense to the plaintiff's claim. 251 B.R. at 404. The defendant argued that his setoff defense was not a claim because he was asserting it only to reduce the estate's recovery against him if the plaintiff prevailed, but the court specifically rejected this argument. Id. at 404. "By pleading setoff as an affirmative defense, [defendant] is in fact asserting a claim against *the estate's right to recover from [defendant]*, which itself is property of the estate." Id. at 405. "[T]he assertion of setoff, whether as a defense or as a counterclaim, clearly invokes the claims allowance process," because § 553 allows setoff against the estate only if the asserted claim is not disallowed, and it is in the exclusive province of the court to determine allowance. Id. at 406. Furthermore, the court saw no distinction between obtaining something of value from the estate by filing a claim and obtaining something of value by asserting setoff as a defense. Id. at 407. Both instances affect the estate by possibly diminishing it. Id.; see also In re Hedstrom Corp., No. 04-38543, 05 C 6888, 2006 WL 1120572, at *3 (N.D. Ill. April 24, 2006) (adopting the reasoning of Commercial Fin.). According to the Hedstrom court, the defense of setoff is just another way of asserting a claim against the estate. 2006 WL 1120572, at *3 (citing In re Mantelman, No. 01 C 9915, 2002 WL 922087, at *1 (N.D. Ill. May 6, 2002)). Likewise, the court in Big Springs Realty, 430 B.R. at 634, found the defendant's setoff

defense to be akin to an informal proof of claim that would "directly impact the administration of Debtor's bankruptcy estate."

In this matter, the defendants assert that they are entitled to setoff and/or recoupment and entitled to credit. The defendants have essentially asserted a claim against the bankruptcy estate's right to recover from the defendants. The court must determine whether to allow the setoff claim, which invokes the claims allowance process and may ultimately diminish the estate. It certainly impacts the administration of the bankruptcy estate. The court concludes that the defendants are not entitled to a jury trial because of their affirmative defenses of setoff and recoupment, and their claimed entitlement to credits, which operate to subject defendants to the equitable jurisdiction of this court.

## Conclusion

For the reasons discussed above, the court finds that the defendants do not possess a Seventh Amendment right to a jury trial in this matter, and therefore the jury trial requests are **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**